IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**QUINTIN LAMAR WILLIAMS**                                                    **PETITIONER**

**V.**                                         **CIVIL ACTION NO. 3:22CV56 HTW-LGI**

**BURL CAIN, COMMISSIONER**                                        **RESPONDENT**

**AMENDED REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Quintin Williams seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss his petition as time-barred under 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996. After a review of the record and the applicable law, the undersigned recommends that the petition be dismissed with prejudice.

Fourteen years ago, Williams was convicted of armed robbery, kidnapping, and being a felon in possession of a weapon by a jury convened in the Circuit Court of Warren County, Mississippi. He was sentenced on April 11, 2008, to consecutive terms of imprisonment in the custody of the Mississippi Department of Corrections. The convictions and sentences were affirmed by the Mississippi Court on Appeals on February 16, 2010. *Williams v. State*, 40 So. 3d 630 (Miss. Ct. App. 2010), *reh'g denied*, June 29, 2010. Williams was granted an extension of time until July 27, 2010, in which

to file a petition for writ of certiorari, but the record reflects that he failed to do so. He now brings the instant petition seeking federal habeas corpus relief.[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion

---

[1] The initial report and recommendation in this matter incorrectly noted that Petitioner was sentenced on April 11, 2018, and that he had been granted an extension on May 17, 2021 to file a petition for writ of certiorari. The instant report and recommendation has been modified, *sua sponte*, to reflect the correct dates. In all other respects, the initial report and recommendation remains unchanged.

for post-conviction relief is pending in state court. *See Madden v. Thaler*, 521 F. App'x 316 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

As noted supra, Williams was granted an extension of time until July 27, 2010, in which to a petition for writ of certiorari in the United States Supreme Court. Williams's conviction therefore became final on July 27, 2010, the date set by the Mississippi Supreme Court in response to his request for extension of time to seek certiorari review. Though the record reflects that he did not seek certiorari review within the allotted period, he is still credited with the time period permitted for doing so. *See* U.S. Sup.Ct. R. 13(1); *see also Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (statute of limitations begin to run when time for seeking further direct review expires). Thus, to toll the statute of limitations, Williams was required to file a motion for post-conviction collateral relief in state court on or before July 27, 2011. Because he failed to do so, AEDPA's statute of limitations period ran uninterrupted from July 27, 2010, through June 27, 2011. Accordingly, absent equitable or statutory tolling, the instant petition filed on February 7, 2022—over ten years after the statute of limitation expired--is untimely.

Williams does not deny that his petition is untimely, and he has filed no response or otherwise challenged the motion to dismiss. He has thus failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the statute of limitations. None of AEDPA's other statutory exceptions are applicable in this case, and none of Petitioner's remaining arguments are relevant or warrant tolling of the statute of limitations. The undersigned finds that Petitioner's habeas petition is time-barred and recommends that it be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on May 31, 2022.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
